# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAKE CHARLES DIVISION

| | |
|---|---|
| DAVID D. CLIFFORD | CIVIL ACTION NO. 07-43-LC |
| A/K/A MICHAEL J. COLEMAN | SECTION P |
| VS. | JUDGE MINALDI |
| RICHARD STALDER, ET AL | MAGISTRATE JUDGE WILSON |

## REPORT AND RECOMMENDATION

Before the court is a pro se civil rights complaint (42 U.S.C. § 1983) filed *in forma pauperis* on January 8, 2007, by David D. Clifford a/k/a Michael J. Coleman.  At the time of filing, plaintiff was incarcerated at C. Paul Phelps Correctional Center (CPP), Dequincy, Louisiana, and in this matter he complains of events which are alleged to have occurred while he was incarcerated at that facility.  However, plaintiff was subsequently transferred to Louisiana State Penitentiary, Angola, Louisiana.  Plaintiff names the following as defendants herein: Louisiana Department of Public Safety and Corrections (LDOC) Secretary Richard Stalder, and his Designee, Linda Ramsey; CPP Warden Robert Y. Henderson; CPP Assistant Warden Roy Williams; CPP Correctional Officer Major D.B. Thompson; and, Classification Officer Angie Pearce.

Plaintiff's principle claim herein is that his constitutional rights have been violated as he was subjected to cruel and unusual punishment due to a denial of out of cell exercise for a period of fourteen days.  As a result of the alleged actions of the defendants, plaintiff seeks an injunction directing that cell confinement not be used as a sanction for inmates assigned to maximum

custody status (CCTM) at CPP or any other institution under the control of the Louisiana Department of Corrections unless exigent circumstances exist and are fully verifiable and documented.  Plaintiff also seeks compensatory damages in the amount of $100.00 for each day of inflicted/imposed cell confinement (8/7/06 through 8/20/06), as well as punitive and declaratory relief. Finally, plaintiff asks this court to issue an order directing LDOC to notify all CPP inmates who have served a term of cell confinement that the sanction in question was an impermissible violation of their Eighth Amendment rights and that the inmates have a cause of action.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.

## STATEMENT OF THE CASE

Plaintiff states that on August 7, 2006, he was sentenced to maximum custody status as well as 14 days of cell confinement. This sanction was imposed due to a violation of disciplinary rules, general prohibited behavior— abusing the administrative remedy process.  Plaintiff complains that depriving him of out of cell exercise time via cell confinement is illegal and constitutes cruel and unusual punishment.

## LAW AND ANALYSIS

### I.  Frivolity Review

Plaintiff has been granted leave to proceed *in forma pauperis* under 28 U.S.C. §1915. Under 28 U.S.C. §1915(e)(2)(B), a district court is directed to dismiss an action if the court determines that the action is frivolous or malicious or fails to state a claim on which relief may be granted.  See, 28 U.S.C. § 1915(e)(2)(B)(I) and (ii); *Bradley v. Puckett*, 157 F.3d 1022, 1025

2

(5th Cir. 1998).  A complaint is frivolous if it lacks an arguable basis in law or fact.  *Gonzalez v Wyatt,* 157 F.3d 1016, 1019 (5th Cir. 1998) citing *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997).  A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Independent School District*, 153 F.3d 211, 215 (5th Cir. 1998).  When determining whether a complaint is frivolous or fails to states a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. *Horton v. Cockrell,* 70 F.3d 397, 400 (5th Cir. 1996) (frivolity); *Bradley,* 157 F.3d at 1025 (failure to state a claim).

## II.  42 U.S.C. §1983

Section 1983 proscribes conduct by any person who, under the color of state law, acts to deprive another person of any right, privilege, or immunity secured by the Constitution and laws of the United States.  42 U.S.C. §1983.  Thus, an initial inquiry in a lawsuit filed under §1983 is whether plaintiff has alleged that his constitutional rights have been violated.  If no constitutional violation has been alleged, there is no cognizable claim under §1983.   In order to hold the defendants liable under 42 U.S.C. §1983, the plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained of was committed by a person acting under color of state law, that is, that the defendant was a state actor.  See *Hessbrook v. Lennon*, 777 F.2d. 999, 1005 (5th Cir. 1985).

Based upon plaintiff's pleadings, the court is convinced that plaintiff has presented the best case which could be presented by him under the circumstances, and that further amendment of the pleadings would serve no useful purpose. Accepting all of plaintiff's allegations as true, and giving plaintiff the benefit of every doubt, the court concludes, for the reasons stated

hereinafter, that he has failed to state a claim for relief, that his claims are frivolous as a matter of law, and that his complaint should therefore be dismissed with prejudice.

## III.  Injunctive Relief

Plaintiff's complaint centers around his allegations regarding the conditions of confinement at CPP.  However, as previously stated, plaintiff has been transferred from CPP to another prison facility.  Therefore, his request for injunctive relief is moot.  The law is clear that the transfer of a prisoner out of an allegedly offending institution generally renders his claims for injunctive relief moot. *Weinstein v. Bradford*, 423 U.S. 147, 149, 96 S.Ct. 347, 46 L.Ed.2d 350 (1975) (*per curiam*) (plaintiff's individual suit challenging parole procedures mooted by release absent "demonstrated probability" that he would again be subject to parole board's jurisdiction); *Cooper v. Sheriff, Lubbock County, Tex.*, 929 F.2d 1078, 1081 (5th Cir.1991) (*per curiam*) (holding that prisoner transferred out of offending institution could not state a claim for injunctive relief).  In order for plaintiff's claims to remain viable, he would have to establish that the possibility of returning to CPP would make his claims capable of repetition yet evading review. See *Hardwick v. Brinson*, 523 F.2d 798, 800 (5th Cir.1975).  Plaintiff  must show either a "demonstrated probability" or a "reasonable expectation" that he would again be incarcerated at CPP.  *Murphy v. Hunt*, 455 U.S. 478, 482, 102 S.Ct. 1181, 71 L.Ed.2d 353 (1982).  At its most lenient, the standard is not "mathematically precise" and requires that plaintiff show a "reasonable likelihood" of repetition. *Honig v. Doe*, 484 U.S. 305, 318-19, 108 S.Ct. 592, 98 L.Ed.2d 686 (1988). Even under the most permissive interpretation, plaintiff's complaint does not, and cannot, meet that standard.  Simply put, plaintiff has been transferred from the custody of CPP and his request for injunctive relief is moot.  See, *Herman v. Holiday*, 238 F.3d 660 (5th

4

Cir.2001)(even if plaintiff had established an Eighth Amendment violation, his transfer from the offending institution rendered his claims for declaratory and injunctive relief moot) citing *Cooper v. Sheriff, Lubbock County, Tex.,* 929 F.2d 1078, 1084 (5th Cir. 1991) *Bailey v. Southerland*, 821 F.2d 277, 279 (5th Cir. 1987).

## IV.  Cruel and Unusual Punishment-Out of Cell Exercise

Plaintiff complains that the imposition of cell confinement while sentenced to extended lockdown/maximum security deprived him of two weeks of outside the cell recreation in violation of his constitutional rights, and amounted to cruel and unusual punishment in violation of the Eighth Amendment.  The Eighth Amendment does not mandate comfortable prisons, however, it does not permit inhumane ones. *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir.1999).  Therefore, the conditions under which a prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits the unnecessary and wanton infliction of pain. See *Rhodes v. Chapman*, 452 U.S. 337, 347, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981).

Federal courts employ a two-part test to determine whether a prisoner has established an Eighth Amendment violation. *Harper*, 174 F.3d at 719 . First, there is an objective requirement to demonstrate conditions "so serious as to deprive prisoners of the minimal measure of life's necessities," as when the prisoner is denied "some basic human need." *Woods v. Edwards*, 51 F.3d 577, 581 (5th Cir.1995); *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994).  Second, under a subjective standard, it must be shown that the responsible prison officials acted with deliberate indifference to the prisoner's conditions of confinement. *Woods*, 51 F.3d at 581. "The second requirement follows from the principle that only the unnecessary and wanton infliction of pain implicates the Eighth Amendment." *Farmer*, 511 U.S.

5

at 834, 114 S.Ct. 1970 (internal quotation marks and citations omitted) (emphasis added).

Importantly, neither the Supreme Court nor the Fifth Circuit Court of Appeals has ever specifically held that inmates enjoy an <u>absolute right</u> of out-of-cell recreation or exercise. *Green v. Ferrell*, 801 F.2d 765, 771-72 (5th Cir.1986) (The Fifth Circuit set aside lower court's judgment requiring county jail to provide either outdoor exercise or an indoor exercise facility.); *Ruiz v. Estelle*, 679 F.2d 1115, 1152 (5th Cir.1982), *cert. denied*, 460 U.S. 1042, 103 S.Ct. 1438, 75 L.Ed.2d 795 (1983) (The deprivation of exercise is not *per se* violative of the Eighth Amendment.)  The Fifth Circuit has always and only held that an <u>extended deprivation of exercise opportunities</u> might impinge upon an inmate's Eighth Amendment rights depending upon the particular facts of a given case. *Green*, 801 F.2d at 771-72.  Here, plaintiff  has not alleged the total deprivation of <u>exercise opportunities</u> – but rather only the denial of <u>out-of -cell</u> exercise opportunities, and that is insufficient to establish an Eighth Amendment violation. Confinement in Extended Lockdown offers unimpeded access to space in the assigned cell to exercise.

Conditions of confinement amounting to severe deprivations without penological justification violate a  prisoner's rights under the Eighth Amendment; however, conditions of confinement that infringe upon the prisoner's constitutional rights may nevertheless pass Eighth Amendment scrutiny provided  the conditions are  reasonably related to legitimate penological interests.[1] See, *Turner v. Safley*, 482 U.S. 78, 89,  107 S.Ct. 2254, 96 L.Ed.2d 64 (1987).  Simply

---

[1]Thus, with regard to prison regulations, courts owe "substantial deference to the professional judgment of prison administrators" and their restrictive prison regulations may be  permissible if they are "reasonably related  to legitimate penological interests." *Beard v. Banks*, 126 S.Ct. at 2577, quoting  *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348, 107 S.Ct. 2400, 96 L.Ed.2d 282 (1987); *Turner v. Safley*, 482 U.S. 78, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987); and *Overton v. Bazzetta*, 539 U.S. 126, 123 S.Ct. 2162, 156 L.Ed.2d 162 (2003).

put, the jurisprudence sometimes permits greater restrictions of rights in a prison then it would allow elsewhere. *Beard v. Banks*,  — U.S.—, 126 S.Ct. 2572, 2577, 165 L.Ed.2d 2572 (2006). Moreover, prison officials are not required to adopt the policy least restrictive of prisoners' rights, so long as the policy itself is reasonable. *Talib v. Gilley*, 138 F.3d 211, 215 n. 4 (5th Cir.1998), citing *Turner v. Safley*, 482 U.S. 78, 90,  107 S.Ct. 2254, 2262, 96 L.Ed.2d 64 (1987). In other words,  prisoners have no constitutionally protected right to out-of-cell exercise or recreation and the denial of that privilege for disciplinary reasons (such as being placed in extended locked due to a disciplinary violation) serves a valid penological interest.

Finally, it should be noted that irrespective of the above, plaintiff would not be able to satisfy even the threshold requisite for an Eighth Amendment violation of this nature. Specifically, plaintiff claims that he was denied out-of-cell-exercise for a two week period. Being without that type of exercise for such a short span of time certainly does not constitute a deprivation  so serious as to deprive plaintiff of the minimal measure of life's necessities. See, *McGruder v. Phelps*, 608 F.2d 1023, 1025 (5th Cir.1979) ("[C]onfinement to a cell for twenty-three and one-half hours per day for <u>periods of months </u>and absence of outdoor exercise ... <u>may</u> make out an eighth amendment violation.")*; Green*, 801 F.2d at 771-72 (extended deprivation of exercise opportunities might impinge upon an inmate's Eighth Amendment rights depending upon the particular facts of a given case). See also, *Allen v. Sakai*, 48 F.3d 1082, 1088 (9th Cir.1994) (a <u>long-term deprivation </u>of exercise is a denial of a basic human need in violation of the Eighth Amendment).

Accordingly,

**IT IS RECOMMENDED** that plaintiff's claims seeking injunctive relief be **DENIED**

and **DISMISSED** as moot;

  **IT IS ALSO RECOMMENDED** that plaintiff's civil rights claims be **DENIED AND DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim upon which relief can be granted in accordance with 28 U.S.C.1915A(b)(1).

  Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

  **Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See *Douglas v. United Services Automobile Association,* 79 F.3d 1415 (5th Cir. 1996).**

  THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, June 4, 2007.


ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE